GROVES
v.
STEEL.

## DENNISTOUN et al. v. NUTT et ux.

In principle, no distinction can be made between a conventional transfer of property by a husband to his wife for the payment of her dotal or paraphernal rights, and one made under the form of judicial proceedings.

A judicial sale made in execution of a judgment obtained by a wife against her husband, where no debt was due by the latter to her, is a mere nullity, and transfers no title to her. The prescription of one year, established by art. 1989 of the Civil Code, applies to actual contracts, made in fraud of creditors, by persons capable of contracting. It is inapplicable to such a simulated sale.

The general rule is that, husband and wife are incapable of contracting with each other. The only exceptions to this rule are those enumerated in art. 2421 of the Civil Code.

APPEAL from the District Court of Madison, *Willson*, J. The facts of this case are stated in the opinion of the court, *infra*.

*Stockton* and *Steele*, for the appellants, contended that the judgment and sale under it, were mere simulations, and are not protected by prescription. *Cammack* v. *Watson*, 1 Ann. R. 132.

*Short, Prentiss* and *Finney*, for the defendants. The action is prescribed by art. 1989 of the Civil Code. See also arts. 3484, 3487, and 1965 to 1989. 6 Mart. N. S. 130. 8 Ib. N. S. 532, 675. 3 La. 29. 4 La. 260. 8 La. 308. 9 La. 106. 11 La. 552. 12 La. 533. 14 La. 308, 322. 16 La. 103. 17 La. 213. 19 La. 594. 2 Rob. 279. 4 Rob. 396, 438. 9 Rob. 105.

The judgment of the court was pronounced by

SLIDELL, J. The appellants are judgment creditors of *Nutt*, and instituted this action against *Nutt* and wife, for the purpose, among other things, of setting aside a judgment rendered in favor of *Mrs. Nutt* against her husband, and a judicial sale of his lands made to her in execution of said judgment. The defendants pleaded, by way of exception, the prescription of one year ; the exception was sustained, and the plaintiffs, *A. & J. Dennistoun & Co.*, have appealed. The judgment in favor of *Mrs. Nutt*, against her husband, was obtained in May, 1844 ; the adjudication to her upon execution took place the 5th of August, 1844. The judgment held by the appellants was obtained against *Nutt* by one *Dawson*, in May, 1843, with a stay of execution for twelve months. *Dawson* transferred this judgment, in May, 1844, to *Pinckard & Huntington*, who transferred it to the appellants. The citation in the present action was served on the 16th of August, 1845.

If the judgment and judicial conveyance sought to be annulled had occurred between ordinary parties, having full capacity to contract, and their dealings under the form of judicial proceedings were not merely simulated, the prescription of one year would have been properly invoked, pursuant to article 1989 of the Civil Code. For the purpose of considering the applicability of that prescription to the present case, it is necessary to recur to the allegations of the plaintiffs' petition, which, for the purposes of the exception, must be taken as true.

The petition is diffuse and inartificially drawn, but the averment is repeatedly made, not only that the judicial proceedings between the husband and wife

were fraudulent and collusive, but that in fact the indebtedness of the husband to her,' upon which she based her action and obtained judgment, and in satisfaction of which she became a judicial purchaser of his property, never had any existence.

In principle no distinction can be made between a conventional transfer of property, made by the husband to the wife for the payment of her dotal or paraphernal rights, and one made under the form, and by the instrumentality, of judicial proceedings. The right of the parties thus to contract, either directly or indirectly, is exceptional to the general rule. The general rule is, that the husband and wife are incapable of contracting with each other; the exception is in the three cases only which are enumerated in art. 2421 of the Civil Code. Out of those enumerated exceptions attempted contracts between husband and wife are nullities. See the case of *Spurlock* v. *Mainer*, 1 Ann. R. 301. If therefore the allegation of the plaintiffs' petition be true, that there was no indebtedness of the husband to the wife, there was an utter incapacity of the parties to do what they have done, and the case presented does not fall under the prescription applicable to actual contracts made in fraud of creditors by persons capable of contracting. If there was an absolute incapacity to contract, there was no contract, and the title has not passed out of the husband.

Entertaining this view of the plea of prescription, it is unnecessary to enlarge upon the other allegations of the petition. It is proper however to say that, even if there should prove to have been a real indebtedness of the wife to the husband, so as to have capacitated them to stand in judgment against each other, still the action should have been entertained upon other allegations. The plaintiffs claim to be the antecedent mortgagees of the land adjudged to the wife at judicial sale, the existence of which mortgage they charge was known to her, and that, if she be a purchaser, she is a purchaser with notice. If their allegations be true, they have a right to have the mortgaged property applied to the payment of their judgment.

The court below should have overruled the exception, and required the defendants to answer.

It is therefore decreed, that the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law; the appellees paying the costs of this appeal.